John Kevin Crowley (Bar No. 88189)
**ATTORNEY AT LAW**
125 S. Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 288-8100
Facsimile: (408) 288-9409
e-mail: jkclaw@pacbell.net

Attorney for Plaintiff
**ADROA ANDERSON**

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADROA ANDERSON,<br><br>          Plaintiff,<br><br><br>     vs.<br><br><br>TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; San Jose State Police Officer JOHN DOE; and, DOES 1-50, inclusive,<br><br>          Defendants. | Case No. 19-cv-06997 VKD<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br><br>**(1) VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)**<br><br><br>**JURY TRIAL DEMANDED** |

          Plaintiff, Adroa Anderson, hereby demands a trial by jury on all claims set forth herein, and alleges as follows:

### JURISDICTION

          1.     This action arises under Title 42 of the United States Code, §1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§1331 and 1343.  The unlawful acts and practices alleged herein occurred in the County of Santa Clara, California, the proper venue for which is in the Federal District Court for the Northern District of California, San Jose Division.

1

**<u>PARTIES</u>**

2          2.      Plaintiff, ADROA ANDERSON, ("PLAINTIFF") is the victim of the wrongful

3     conduct.

4          3.      Defendant Trustees of the California State University ("TRUSTEES") is a

5     California corporation, operating as San Jose State University, in Santa Clara County,

6     and with numerous divisions, including the San Jose State University Police

7     Department responsible for providing law enforcement and public safety services on

8     the campuses and facilities that it operates.

9          4.      At all times herein mentioned, Defendants JOHN DOE and DOES 1-50,

10    each of them, were the agents, servants, and employees of Defendant TRUSTEES

11    and/or the San Jose State University Police Department ("DEPARTMENT") and were

12    acting within the course and scope of such agency and employment with Defendant

13    TRUSTEES, acting under color and authority for DEPARTMENT, pursuant to California

14    Penal Code §830.2 and California Education Code §89560.

15         5.      DEPARTMENT officer JOHN DOE ("DOE") is and was an officer for the

16    DEPARTMENT during the time of the alleged unlawful acts and practices herein.

17    JOHN DOE is and at all times during the times herein alleged was employed by the

18    TRUSTEES in the capacity of a police officer for the DEPARTMENT, acting under color

19    and authority for DEPARTMENT pursuant to California Penal Code §830.2 and

20    California Education Code §89560.

21         6.      PLAINTIFF continues to be ignorant of the true names and capacities of

22    Defendants JOHN DOE and DOES 1-50, inclusive, and therefore sues these

23    defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon

24    alleges that each Defendant so named is responsible in some manner for the injuries

25    and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his

26    complaint to state the names and capacities of DOES 1-50, inclusive, when they have

27    been ascertained.

28         7.      In engaging in the conduct described herein, Defendants JOHN DOE and

FIRST AMENDED COMPLAINT

DOES 1-25, acted under the color of law and in the course and scope of their employment with DEPARTMENT and TRUSTEES, pursuant to California Penal Code §830.2 and California Education Code §89560.  In engaging in the conduct described herein, Defendants JOHN DOE and DOES 1-25 exceeded the authority vested in them as police officers under the Unit\ed States and California Constitutions and as officers employed by Defendant TRUSTEES.

8.    In engaging in the conduct described herein, Defendants DOES 26-50 acted under the color of law and in the course and scope of their employment with Defendant TRUSTEES, pursuant to California Penal Code §830.2 and California Education Code §89560.  In engaging in the conduct described herein, Defendants DOES 26-50, exceeded the authority vested in them as police officers under the United States and California Constitutions and as officers employed by Defendant TRUSTEES.

9.    Defendants JOHN DOE and DOES 1-50 have engaged in repeated acts of misconduct similar to those alleged herein while employed with Defendant TRUSTEES and/or the DEPARTMENT.

## STATEMENT OF FACTS

10.    On December 25, 2017, at approximately 11:11 p.m., JOHN DOE was patrolling the San Jose State University Campus, in the County of Santa Clara and noticed a Jeep Wrangler in an area next to CHASE ATM, 210 South 9th Street, San Jose, California.  Defendant JOHN DOE approached Mr. Anderson who was on foot, detained Mr. Anderson, informing him that the vehicle was parked improperly.

11.    In effectuating the detention, JOHN DOE activated his body camera and approached Mr. Anderson. JOHN DOE did not request that Mr. Anderson produce a driver's license, and JOHN DOE did not request permission to search the vehicle.  Mr. Anderson never gave consent.

12.    JOHN DOE immediately initiated a driving under the influence

3

FIRST AMENDED COMPLAINT

investigation, accusing Mr. Anderson of being impaired.  Mr. Anderson insisted that he was not impaired and exercised his right to decline field sobriety tests, including the preliminary alcohol screening test. Mr. Anderson was handcuffed and placed inside DOE 1's patrol vehicle, JOHN DOE took Mr. Anderson's vehicle keys, unlocked the vehicle and began searching the vehicle.  Mr. Anderson informed DOES 1 and 2 that he did not consent to the search and he believed the search was illegal.  JOHN DOE responded "we're gonna do it anyway."

13.     During this period, DOE 1 informed Mr. Anderson that if he would have just taken the preliminary alcohol screening test, he wouldn't be getting arrested.  Mr. Anderson protested to JOHN DOE and DOE 1 and pleaded with them that he was not under the influence.  JOHN DOE and DOE 1 disregarded Mr. Anderson's pleas and failed to do any confirmation regarding the validity of his claims.  Had they done so, JOHN DOE and DOE 1 would have determined that Mr. Anderson was not impaired and would have discovered that Mr. Anderson was not driving under the influence or the proper subject of an arrest.

14.     After Mr. Anderson lawfully exercised his rights to decline both consent to search and to perform field sobriety tests, JOHN DOE's response was to arrest him and take him to jail.  His vehicle was searched and impounded.  At this point, it was or should have been clear that JOHN DOE did not have probable cause to believe Mr. Anderson was driving under the influence.

15.     No further effort was made by JOHN DOE to determine whether Mr. Anderson was actually driving under the influence.  Defendant JOHN DOE had access to an Intoxylizer machine to obtain an implied consent breath alcohol test from Mr. Anderson.  However, JOHN DOE did not utilize this evidentiary test in any attempt to confirm or dispel his suspicion that Mr. Anderson was driving under the influence.  Had JOHN DOE done so, he would have found irrefutable evidence that Mr. Anderson was not driving under the influence of alcohol.

4

FIRST AMENDED COMPLAINT

16.     Neither JOHN DOE, DOES 1-50, nor anyone from the DEPARTMENT or Defendant TRUSTEES did anything else to investigate whether PLAINTIFF was driving under the influence.

17.     Had JOHN DOE, DOES 1-50, or anyone from the DEPARTMENT or Defendant TRUSTEES treated Mr. Anderson with the dignity owed to a human being and in a manner that is not racially discriminatory, it would have been clear that he was not driving under the influence and that no probable cause existed to support his arrest.

18.     Defendant JOHN DOE knew, or should have known, that Mr. Anderson was not driving under the influence.  With a deliberate indifference to that fact, JOHN DOE arrested him. In doing so, JOHN DOE intentionally perjured himself when recommending prosecution in a sworn police report (San Jose State University Police Report #17-2048), indicating that Mr. Anderson exhibited signs of being impaired. Defendant JOHN DOE swore to this under penalty of perjury knowing it to be false. Defendant JOHN DOE did this knowing that Mr. Anderson would be arrested and incarcerated in the Santa Clara County Jail.

19.     Rather than do the minimal effort which would have dispelled any probable cause that Mr. Anderson was driving under the influence, Defendant JOHN DOE simply arrested him and forced him to submit a sample of his blood.

20.     PLAINTIFF was then charged with violating California Vehicle Code §23152(a), misdemeanor driving under the influence in Santa Clara County Superior Court, (Booking/CEN 17049751).  He was forced to hire the services of an attorney to represent him in that matter.  On February 26, 2018, he learned that no charges were filed by the District Attorney.

21.     Defendant JOHN DOE's intentional and reckless disregard for Mr. Anderson's rights resulted in the wrongful arrest and confinement of him for a period of two days. During that period, he suffered severe emotional stress and trauma.  He was unable to work in his profession as an animal care provider and lost income.  He was

5

FIRST AMENDED COMPLAINT

forced to assume debt by retaining counsel to advance his defense. JOHN DOE, who detained and arrested Mr. Anderson on December 25, 2017, did nothing to discharge his duty to inquire into Mr. Anderson's adamant assertion that a mistake was made, that he should not be arrested on the false accusations.

22.    PLAINTIFF was falsely imprisoned, and mentally and emotionally injured and damaged as a proximate result of this incident.

23.    PLAINTIFF sustained serious personal injuries, emotional harm and property damage.

24.    The assault and battery on PLAINTIFF described herein was brutal, malicious, and done without any just provocation or cause, proximately causing PLAINTIFF'S injuries and resulting damages. Further, Defendants JOHN DOE and DOES 1-50 neither had reasonable suspicion to detain PLAINTIFF nor probable cause to seize or arrest him. Moreover, the conduct of Defendants JOHN DOE and DOES 1-50 was excessive and unwarranted under the circumstances and did not comport with the dictates of the Fourth Amendment and Due Process.

25.    Plaintiff is an African American male, who at the time was physically disabled.

### INCORPORATION OF PRELIMINARY ALLEGATIONS

26.    Unless the context clearly indicates otherwise, the preliminary allegations contained in paragraphs 1 through 25, inclusive, shall be deemed to be incorporated herein by reference, as though fully set forth at length in each and every cause of action set forth in this Complaint.

### DAMAGES

27.    As a proximate result of Defendants TRUSTEES, JOHN DOE, and DOES 1-50's conduct, PLAINTIFF suffered pain and physical injuries. As a further proximate result of Defendants' conduct, PLAINTIFF suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and

FIRST AMENDED COMPLAINT

pride.  PLAINTIFF was mentally and emotionally injured and damaged as a proximate result of this incident.

28.    The conduct of Defendants JOHN DOE and DOES 1-50 was malicious, wanton, and oppressive.   PLAINTIFF is therefore entitled to an award of punitive damages against said Defendants.

29.    PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law.  PLAINTIFF is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Against Defendants JOHN DOE and DOES 1-50)

30.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31.    In doing the acts complained of herein, Defendants JOHN DOE and DOES 1-50, inclusive, and/or each of them, acted under color of law to deprive PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

7

FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**(Against Defendants TRUSTEES and DOES 1-50)**

32.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33.    As against Defendants TRUSTEES and DOES 1-50 in their capacity as policy-makers for Defendant TRUSTEES and the DEPARTMENT, PLAINTIFF further alleges that the acts and/or omissions alleged in the First Amended Complaint herein are indicative and representative of a repeated course of conduct by members of the TRUSTEES and DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

34.    PLAINTIFF is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendant TRUSTEES, the DEPARTMENT and DOES 1-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant TRUSTEES, the DEPARTMENT and DOES 1-50, and each of them.

35.    The injuries and damages to PLAINTIFF as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant TRUSTEES, the DEPARTMENT and DOES 1-50, and each of them.

36.    PLAINTIFF is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the TRUSTEES and DEPARTMENT.

37.    PLAINTIFF is further informed and believes and upon such information and belief alleges that PLAINTIFF's damages and injuries were caused by customs, policies, patterns or practices of Defendant TRUSTEES, the DEPARTMENT and DOES 1-50, and each of them, of deliberate indifference in the training, supervision

8

FIRST AMENDED COMPLAINT

and/or discipline of Defendants, DOES 1-50 and/or each of them.

38.   The aforementioned customs, policies or practices of TRUSTEES, DEPARTMENT and DOES 1-50, and each of them, resulted in the deprivation of PLAINTIFF'S constitutional rights including, but not limited to, the following:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and/or

c.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1.   For general damages in a sum according to proof;

2.   For special damages in a sum according to proof;

3.   For punitive damages in a sum according to proof;

4.   For injunctive relief enjoining Defendant TRUSTEES and the DEPARTMENT from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant TRUSTEE or the DEPARTMENT from using excessive and unreasonable force against persons, pursuant to 42 U.S.C. §1983;

5.   For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

FIRST AMENDED COMPLAINT

6.     For cost of suit herein incurred; and,

7.     For such other and further relief as the Court deems just and proper.


Dated:  December 16, 2019                    */s/ John Kevin Crowley*

                                             _____
                                             John Kevin Crowley
                                             Attorney for Plaintiff

10

FIRST AMENDED COMPLAINT